### JEFF CROWDER V. THE STATE.

*No. 6568.   Decided June 15.*

**Burglary—Practice—Confession.**—An exception to the rule that the confession of an uncautioned defendant while in duress can not be used in evidence against him is when he makes as a part of said confession a statement of facts or circumstances that are found to be true which conduce to establish his guilt.   Code Crim. Proc., art. 750. But to bring the statement within the exception, the same must in the first instance be found to be true in pursuance of the information derived from the accused himself, and from no other source.   It would be no objection to such a confession that *after* the truth of the statement has been ascertained in pursuance of the information furnished by the accused the same facts should be established by information derived from another source. See the opinion *in extenso* on the question, and note the same for a confession *held* under the rule announced to have been erroneously admitted.

APPEAL from the District Court of Hill.   Tried below before Hon. J. M. Hall.

The conviction in this case was for burglary, and the penalty assessed by the verdict was a term of three years in the penitentiary.

The opinion discloses the case.

*J. S. Bounds* and *McKinnon & Carlton,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This conviction is for burglary.   Upon the trial, over the objection of the defendant, the State introduced in evidence his confession.

The facts were these:   The store house of Odell & Melton was burglarized on the night of December 7, 1888.   James, the town marshal of Hubbard City, arrested the defendant on the next day about nine o'clock, placed him in the calaboose, and kept him there all day.   During the day the marshal talked to the defendant about the burglary.   Defendant denied all knowledge of the same.   About eleven o'clock on Sunday night, December 8, James and Graves went to the calaboose and had a conversation with defendant about the burglary.   James told defendant that he knew that Jeff Stewart, another negro, was connected with him in the burglary, and that if he would give Stewart away, he, defendant, would be released.   James also told him that they had found some money in Cromer's loft.   Thereupon defendant told James that he had concealed the money at a certain place in the loft of Cromer's hotel.   James and Graves then left defendant in the calaboose, and went to the hotel to make search for the money.   They searched the place named by the defendant, but failed to find the money because they misunderstood the directions given by the defendant.   James then went back to the calaboose whence he brought the defendant to the hotel loft.   When in the loft James told defendant that he could not find the money, and requested defendant to point out the place where he had concealed it.   Defendant pointed out a place.   But it seems that while James was gone to the calaboose Cromer, the hotel keeper for whom Jeff Crowder and Jeff Stewart were hotel servants, received information of the place where the money was concealed from Jeff Stewart.   Cromer says:

"On Sunday night after the burglary, when James and I were looking in the loft of my hotel for the money,   *   *   *   the negro (meaning Stewart) who was working for me showed me where he said the defendant had hid the money.   This was while James was gone to the calaboose after defendant.   I got the money, and when James came with defendant he, defendant, went to the place where I found the money.   I showed it

to him, and he said it was the money he had got out of Odell & Melton's saloon."

It appears that but one person entered the house, and that this person wore a pair of overshoes. A pair of overshoes were found in the hotel sample room. Defendant and the other negro slept in this room. Appellant was not cautioned as the law directs.

We have this question for solution: A makes a statement of facts or circumstances found to be true which conduce to establish his guilt (Code Crim. Proc., art. 750), but the fact is found to be true, not through or by means of the information received from A, but from that received from another source or by accident. A being under arrest and without caution, is his confession made under this state of case admissible in evidence against him? Strong reasons can be given in favor of the admissibility of the confession.

Let us take a case of murder: B is hunting in a forest in which several caves are situated near together. He enters a cave and finds the body of a man who has evidently been murdered by some one. The murder was committed with a sharp-edged instrument. His curiosity being aroused he continues to search, and in another cave near to that containing the body he finds a bloody dirk concealed in a crevice; and, continuing his investigation, he finds under a rock a purse containing twenty gold pieces of the denomination of twenty dollars. He goes to his neighbor, tells him nothing of his discoveries, but induces him to accompany him to the caves and shows to him all he had discovered. Neither discloses to any other person what they had seen. They keep their secret, believing this to be the best course to pursue in order to detect and arrest the murderer. Circumstances point to C as the guilty party. He is arrested and confesses his guilt, stating that at a certain time he and the deceased met in that forest; that he killed him with a dirk; that he killed him for his money; that he took from his person a purse containing twenty twenty-dollar gold pieces and concealed them in a cave near the cave in which he hid the body. At the trial B and his neighbor swear that they never disclosed to any one either by word or otherwise what they had seen in the caves. Under the above state of case, are the confessions of C competent—admissible in evidence against him?

C, the defendant in this supposed case, made a statement of facts and circumstances which were found to be true, and which conduced to establish his guilt, *but they were not found to be true by means of the information obtained from C—they had already been discovered.* In the case put it is evident that C's knowledge of the facts was obtained through his guilty participation in the murder, and not from B or his neighbor, or others through them or either of them. But the illustration presents a rare case indeed—such as would not arise in a thousand cases. Honest and truthful men through prudential considerations conceal such dis-

coveries; they must disclose such matters, and that promptly, at least to some of their neighbors.

On the other hand cogent reasons will be found in support of the rule that the facts and circumstances must be discovered in pursuance of the. information received from the defendant. A crime is committed; the news spreads and is on the tongues of men, women, and children. The accused is arrested, and being thus placed in a fearful condition he be- comes alarmed. Officers and friends believing him guilty suggest a con-- fession. Believing that it would be better for him, or that his life would. be saved by so doing, he confesses, and having heard in some way the true facts or some of them—though by what means or from what source is a mystery to others—he relates them, or one of them. This is found to be true, and conducing to establish his guilt, his confession is received in evidence and conviction usually follows.

The case in hand illustrates this very strongly. From the evidence it. is rendered certain that but one person entered the house. Was it the defendant, or was it Jeff Stewart? Did Stewart learn of the whereabouts of the money from defendant? Or did the defendant learn of the place where the money was hid from Jeff Stewart? Did the defendant steal the money and inform Stewart of that fact, and also inform him of its place of concealment? Or did Stewart steal the money and give such information to the defendant?

We believe that the statute (Code Crim. Proc., art. 750) requires that. the facts and circumstances stated by the accused must be found to be: true in pursuance of or by means of the information received from the accused, and that if they are found to be true from any other source than that emanating from defendant, his confession will not be. admissible. But we wish to be careful at this point.

Suppose the accused should make a statement of a fact, which fact, in pursuance of his statement, is found to be true, and that after it is found to be true in pursuance of his statement, others should find the same fact. to be true from information received from another source. This would not render the confession incompetent.

In support of the conclusion reached we cite the following authorities, viz.: Code Crim. Proc., art. 750; Walker v. The State, 2. Texas Ct. App., 326; Allison v. The State, 14 Texas Ct. App., 122; Nolen v. The State, Id., 474.

The judgment is reversed and the case is remanded for another trial..

*Reversed and remanded.*

Judges all present and concurring.